# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DEBORAH K. MYERS,                                  Case No. 3:11-cv-252

      Plaintiff,

                                Judge Timothy S. Black

vs.

KETTERING MEDICAL CENTER,

      Defendant.

### ORDER THAT: (1) DEFENDANT'S MOTION TO STRIKE (Doc. 11) IS GRANTED; (2) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 9) IS GRANTED; AND (3) THIS CASE IS CLOSED

This civil action is before the Court on Defendant's motion for summary judgment (Doc. 9) and the parties' responsive memoranda (Docs. 10, 12). Also before the Court is Defendant's motion to strike (Doc. 11) and the parties' responsive memoranda (Docs. 13, 14).

## I.  BACKGROUND

Plaintiff alleges that Defendant Kettering Medical Center ("KMC") violated the Family and Medical Leave Act of 1993 ("FMLA") when it failed to notify her that it designated twelve weeks of her fifteen-month leave as FMLA-leave and then terminated her employment.

## II.  UNDISPUTED FACTS[1]

1. Plaintiff, Deborah K. Myers, (hereinafter "Myers") held the position of dialysis nurse at Kettering Medical Center (hereinafter "KMC") prior to her injury and subsequent termination fifteen months later.
2. KMC is an employer under the FMLA.

---

[1] The parties stipulated to these facts. (Doc. 9, Ex. 1).

3. Myers was an employee of KMC under the FMLA.

4. On August 15, 2009 Myers was injured in the course of and arising out of her employment with KMC. She began a leave of absence from KMC on that date.

5. Myers' August 15, 2009 injury and subsequent related health conditions qualify as a "serious health condition" under the FMLA.

6. From August 15, 2009 until some point in the spring of 2011, Myers was unable to work because of her August 15, 2009 injury and subsequent related health conditions.

7. On November 23, 2010, KMC terminated Myers' employment due to the length of her absence from work. Myers first requested to return to work at KMC some time after she was terminated from her position, because she was unable to perform the requirements of her position until some time after she was terminated.

8. KMC did not provide Myers notice that her leave was designated as FMLA leave until she was terminated.

9. Myers received temporary total disability benefits through Ohio's workers' compensation system from the date of injury through April 18, 2011.

### III. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine

disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

## IV. ANALYSIS

The only issue in dispute is whether KMC's failure to notify Plaintiff that her leave was designated as "FMLA leave" provides her a viable cause of action under the FMLA.

The FMLA guarantees qualifying employees twelve weeks of unpaid leave each year for disabling health conditions, a family member's serious illness, or the arrival of a new baby. 29 U.S.C. § 2612(a)(1). The purpose of the FMLA is to "entitle employees to take reasonable leave for medical reasons" and to "accomplish [this purpose] in a manner that accommodates the legitimate interests of employers." 29 U.S.C. §§ 2601(b)(2) & (3). The terms of the statute contemplate that an employer will be required to provide a "total" of 12 weeks of unpaid leave. *See* 29 U.S.C. § 2612(a)(1) ("employee shall be entitled to a total of 12 workweeks of leave during any 12-month period."). The FMLA makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of" the FMLA-created right to medical leave or to reinstatement following the leave. *See* 29 U.S.C.

§ 2615(a)(1); 2614(a)(1).

Following the implementation of the FMLA, the Department of Labor issued regulations regarding the FMLA which, in part, required employers to notify employees about their rights under the FMLA. The regulations required employers to notify employees that their leave was considered FMLA. 29 C.F.R. § 825.08(a).

## A. Motion to Strike

As indicated on the Rule 26(f) report filed by the parties on August 19, 2011, both parties agreed "there is a purely legal issue that may be dispositive of this case, or at least, may dispose of the liability phase of the case. The parties plan to submit a stipulated statement of facts and move the Court, on that basis, for a decision on Motions for Partial Summary Judgment." (Doc. 8 at 6). Less than one month after the parties' Stipulated Findings of Fact was submitted to the Court with KMC's Motion for Summary Judgment, Plaintiff submitted an affidavit in direct contradiction on material issues.

Plaintiff agreed to the Stipulated Findings of Fact submitted by the parties, and she is therefore bound by those statements. *Christian Legal Soc'y v. Martinez*, 130 S.Ct. 2971, 2983 (2010). In *Christian Legal Soc'y*, the United States Supreme Court stated that the parties' entitlement to stipulate facts into the record "is the bookend to a party's undertaking to be bound by the factual stipulations it submits." *Id*. The Supreme Court has "accordingly refused to consider a party's argument that contradicted a joint

stipulation [entered] at the outset of th[e] litigation." *Id.* "[F]actual stipulations are formal concessions…that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Thus, a judicial admission…is conclusive in the case." *Id.*

As laid out above, the parties agreed to submit a Stipulated Findings of Fact upon which this Court would rule on motions for summary judgment. Plaintiff stipulated that "[f]rom August 15, 2009 until some point in the spring of 2011, [she] was unable to work because of her August 15, 2009 injury and subsequent health conditions." (Stipulation at ¶ 6). Plaintiff also stipulated to receiving "temporary total disability benefits through Ohio's workers' compensation system from the date of the injury through April 18, 2011." (Stipulation at ¶ 9). Plaintiff now asserts that she actually would have been able to work, stating that "[h]ad Kettering Medical Center informed me that my employment would be terminated if I did not return to work within a designated twelve week period[,] I would have applied for a position within the Kettering Medical Center Network, prior to the termination of my employment, which I could have performed with my medical restrictions and limitations." (Plaintiff's Affidavit at ¶ 5).

The Sixth Circuit established the following procedure for determining whether affidavits should be considered on motions for summary judgment:

A district court…must first determine whether the affidavit

> directly contradicts the nonmoving party's prior sworn
> testimony. A directly contradictory should be stricken unless
> the party opposing summary judgment provides a persuasive
> justification of the contradiction. If, on the other hand, there is
> no direct contradiction, then the district court should not strike
> or disregard the affidavit unless the court determines that the
> affidavit constitutes an attempt to create a sham fact issue.

*Aerel, S.R.L. v. PCC Airfoils, LLC*, 448 F.3d 899, 908 (6th Cir. 2006).

Plaintiff's Affidavit directly contradicts the Stipulated Findings of Fact submitted

by the parties. The Stipulated Findings of Fact are not vague or ambiguous on the issue

of whether Plaintiff was able to work during the period in question. It plainly states that

"[f]rom August 15, 2009 until some point in the spring of 2011, Myers was unable to

work because of her August 15, 2009 injury and subsequent related health conditions."

(Stipulation at ¶ 6). Consequently, Plaintiff's Affidavit stating that she actually would

have been able to work during the period in question directly contradicts the binding

Stipulated Findings of Fact.

Accordingly, the Affidavit of Deborah K. Myers is hereby **STRICKEN** from the

record.

### B.      FMLA Interference

An employer interferes with FMLA where a Plaintiff can establish prejudice from

a lack of notice of FMLA leave. *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81,

88 (2002)

In *Ragsdale*, an employee claimed she was entitled to an additional 12 weeks of

leave under the FMLA because her employer had failed to notify her that it designated 12

weeks under the employer's 30 week leave policy as FMLA leave. *Id*. at 85. The

plaintiff relied on the Department of Labor's regulations which required employers to

designate leave as FMLA with written notice and established a penalty of an additional 12

weeks of leave for failure to do so. 29 C.F.R. § 825.700(a) stated (at that time) that "[i]f

an employee takes paid or unpaid leave and the employer does not designate the leave as

FMLA leave, the leave taken does not count against an employee's FMLA entitlement."

The Supreme Court held that 29 C.F.R. § 825.700(a) was contrary to the FMLA and

exceeded the Secretary of Labor's authority, because it fundamentally altered the

statutory framework of the FMLA and relieved plaintiffs from the burden of proving any

real prejudice. *Id.* at 90-91. The Supreme Court stated the FMLA "guaranteed [Plaintiff]

12 -not 42- weeks of leave." *Id*. at 95.

       This Court relied on *Ragsdale* when it granted summary judgment to an employer

on an FMLA interference claim involving notice, where the evidence showed the plaintiff

was "totally incapacitated" and unable to return to work. *Tippens v. Airnet Sys., Inc.*, No.

2:05cv421, 2007 U.S. Dist. LEXIS 23808 (S.D. Ohio 2007). The *Tippens* plaintiff was

terminated after he allegedly exhausted his medical leave time under the FMLA. *Id*. The

plaintiff claimed, and his employer conceded, that he was not given notice that his leave

would be designated as FMLA. This Court concluded that "*Ragsdale* makes clear that

Plaintiff must show some prejudice as a result of the Defendant's failure to provide notice

of designation of leave as FMLA time." *Id*. at 7.

       In 2008, the Department of Labor ("DOL") engaged in a broad effort to revise its

FMLA regulations. In light of the Supreme Court's invalidation of § 825.700(a) in

*Ragsdale*, the DOL amended its regulations to comport with the Court's decision. The

DOL deleted the penalty provision in Section 825.700(a). In its comments to the

proposed regulations, the DOL stated:

> [i]n light of *Ragsdale*, the Department cannot prohibit the
> retroactive designation of FMLA leave absent a showing of
> individual harm. Therefore, the Department proposes to make
> clear that an employer has an obligation to timely designate
> leave, (within five business days, absent extenuating
> circumstances) as proposed in Section 825.301(a). However, in
> light of *Ragsdale* and the comments the Department has
> received, proposed paragraph (d) of this section acknowledges
> that retroactive designation may occur, but if an employer fails
> to timely designate leave as specified in Section 825.300 and
> paragraph (a) of this section, and if an employee establishes that
> he or she has suffered harm as a result of the employers' actions,
> a remedy may be available…[i]n many cases where an
> employee's own serious health condition is involved, the
> Department believes it will be difficult to show harm as a result
> of the employers' failure to timely designate FMLA leave as the
> employee will frequently be unable to delay or forego the leave.

The Family and Medical Leave Act of 1993; Proposed Rule, 73 Fed. Reg. 28, 7906 (Feb.

11, 2008) (to be codified at 29 C.F.R. pt. 825). The new regulation, as it exists today,

permits retroactive designation "provided that the employer's failure to timely designate

leave does not cause harm or injury to the employee." 29 C.F.R. § 825.301(d).

Plaintiff was unable to return to work until the spring of 2011. (Stipulation at ¶ 6).

Therefore, regardless of whether Plaintiff had received notice as to KMC's designation of

her leave as FMLA, she still would have had to take the leave commencing August 15,

2009 and ending no sooner than the spring of 2011. That leave was FMLA qualifying

and, ultimately, was counted as such by KMC. Consequently, Plaintiff was not prejudiced in any way by KMC's technical failure to notify her that her leave counted against the twelve-week FMLA entitlement. Plaintiff cannot show that she suffered any harm as a result of KMC's failure to notify her that it designated twelve weeks of her fifteen-month leave as "FMLA leave." *Harris v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, 594 F.3d 476, 482 (6th Cir. 2010) ("the FMLA provides no relief unless the plaintiff has been prejudiced by the violation").

While it is undisputed that KMC did not provide Plaintiff notice that her leave was designated as FMLA leave until she was terminated, and that lack of notice may constitute a technical violation of the notice requirements embodied in 29 C.F.R. § 825.300(d)(5)-(6), "the FMLA provides no relief unless the Plaintiff has been prejudiced by the violation." *Harris*, 594 F.3d at 482. Regardless of whether KMC provided timely notice of Plaintiff's leave as FMLA, she had to take medical leave and could not return to work. She was granted temporary total disability benefits, an award the Supreme Court of Ohio has found is an inherent declaration that an employee is unable to return to work, through April 18, 2011. *State ex rel. Ohio Treatment Alliance v. Paasewe*, 99 Ohio St.3d 18, 19 (Ohio 2003).

Plaintiff agrees, unequivocally, that she was unable to work until the spring of 2011. Therefore, Plaintiff fails to evidence prejudice from the delayed FMLA notification and her claim fails as a matter of law.

## V. CONCLUSION

Accordingly, for the reasons stated herein:

1.      Defendant's motion to strike (Doc. 11) is **GRANTED**;

2.      Defendant's motion for summary judgment (Doc. 9) is **GRANTED**; and

3.      This case is **CLOSED,** upon entry of judgment by the Clerk.

**IT IS SO ORDERED.**

Date:      1/20/12

_____
Timothy S. Black
United States District Judge

-10-